[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12774
Non-Argument Calendar
_____

D.C. Docket No. 3:02-cr-00110-RV-MD-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRIAN A. PUGH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(July 26, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Brian A. Pugh appeals his 175-month total sentence, imposed after being found guilty by a jury for possession of a firearm and ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1).  Pugh attacks his sentence as substantively unreasonable because the district court improperly departed upward from the Guidelines pursuant to U.S.S.G. § 4A1.3,[1] resulting in an excessive and unreasonable sentence.

Based on the sentencing record, we conclude that Pugh's sentence is reasonable in light of the district court's consideration of the 18 U.S.C. § 3553(a)[2] factors and the reasons it provided for departing.  *See United States v. Martin*, 455 F.3d 1227, 1236 (11th Cir. 2006) ("[E]ven pre-*Booker*, the extent of a district court's departure from the guidelines had to be reasonable.").  The record supports the court's finding that the threats to court officers and the battery on Pugh's cell

---

[1] Pugh does not appeal the procedure of the upward departure, rather he challenges the extent of the departure as unreasonable.

[2] The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2).  In imposing a particular sentence, the court must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, and the pertinent policy statements of the Sentencing Commission.  *See id.* § 3553(a)(1), (3)-(7).

2

mate were indicative of "a violent pattern of continuing and escalating criminal conduct."  The court also considered Pugh's past convictions for similar serious offenses as well as mitigating evidence of rehabilitation.  Finally, the sentence imposed for each count is less than the statutory maximum sentence of ten years. *See United States v. Blas*, 360 F.3d 1268, 1274 (11th Cir. 2004) (explaining when the facts support departure, "we have found sentences equal to or with the statutory maximum to be reasonable").  Pugh fails to demonstrate that his sentence is substantively unreasonable.  Accordingly, we affirm.

**AFFIRMED.**